MALCOLM S. SEGAL - SBN 075481
JAMES P. MAYO - SBN 169897
**SEGAL & KIRBY LLP**
770 L Street, Suite 1440
Sacramento, CA 95814
Telephone: (916) 441-0828
Facsimile: (916) 446-6003
msegal@segalandkirby.com
jmayo@segalandkirby.com

JOHN F. HEIL, III, OBA #15904, *pro hac vice pending*
ROBERT P. FITZ-PATRICK, OBA #14713, *pro hac vice pending*
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103
Telephone (918) 594-0400
Facsimile (918) 594-0505
jheil@hallestill.com
rfitzpatrick@hallestill.com

Attorneys for Plaintiff
ROAD SCIENCE, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| ROAD SCIENCE, L.L.C, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL WESTERN TRANSPORTATION COMPANY, INC., d/b/a WINDSOR FUEL COMPANY and TELFER OIL COMPANY, a California corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Road Science, LLC, formerly known as Rhone Midstream Holdings, L.L.C. ("Road Science"), for its claims against Defendant Continental Western Transportation Company, Inc., d/b/a Windsor Fuel Company and Telfer Oil Company ("Telfer"), alleges and states as follows:

**JURISDICTION**

1. Road Science is a limited liability company, formed under the laws of the State of Delaware, with its principal place of business located in the State of Oklahoma.

2. Telfer is a corporation, formed under the laws of the State of California, with its principal place of business located in the State of California.

3. This Court may properly exercise jurisdiction over both the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 in that this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(c), 1400 and Rule 3-120(d) of the Local Rules of the United States District Court for the Eastern District of California because Telfer routinely and systematically does business in this District, has sufficient contacts to subject it to personal jurisdiction in this District, a substantial part of the events giving rise the claims occurred within this District, and Telfer's infringing acts took place in Placer County, which is within this District.

**FACTS**

5. Road Science is in the business, inter alia, of marketing surface paving technologies which derive from various asphalts, polymer modified asphalts, asphalt emulsions, and residual oils throughout the United States. As part of its business, Road Science develops, markets, uses, and owns the rights to, certain asphalt recycling and paving technologies, techniques and processes, including, but not limited to, the Novachip® thin-overlay process (the "Novachip Process"), a process patented under United States Patent No. 5,069,578 (the "'578 Patent").

6. The '578 Patent was duly and legally issued to Screg Routes et. Travaux Publics, predecessor in interest to Societe Internationale Routiere, ("S.I.R.") on December 3, 1991 for an invention entitled "Method and Device for Producing A

Surface Coating on a Surface Such as a Road," known and marketed as the Novachip Process.

7. Pursuant to an Agreement for the Exploitation of Technology with S.I.R., and assignment of rights therein, Koch Materials Company "("Koch") came to own an exclusive license and right to market, use and apply the Novachip Process under the '578 Patent in the State of California and throughout most of the United States. SemMaterials, L.P. ("SemMaterials") subsequently acquired Koch's exclusive rights in the '578 Patent. On May 18, 2009, Road Science acquired all of SemMaterials' exclusive rights in the '578 Patent.

8. By sublicense agreement, Telfer previously used and applied the Novachip Process protected by the '578 Patent in the State of California. On or about April 23, 2009, Telfer's right to use and apply the Novachip Process terminated.

9. Notwithstanding the termination of Telfer's right to use and apply the Novachip Process, Telfer has continued to use and apply the Novachip Process without authorization or approval. Telfer's unauthorized use and application of the Novachip Process protected by the '578 Patent has continued since May 18, 2009 despite notice of Road Science's rights in the '578 Patent.

10. Telfer's unauthorized use and application of the Novachip Process protected by the '578 Patent constitutes a willful, knowing infringement of the '578 Patent.

11. By virtue of its exclusive license and right to market, use and apply the Novachip Process protected by the '578 Patent, Road Science has the right to sue for infringement of the '578 Patent and recover damages for such infringement.

## COUNT I

**(Patent Infringement By Sale, Use and Application of Patented Process)**

12. Road Science adopts and realleges the allegations of Paragraphs 1 through 11 of this Complaint.

13. Telfer has infringed, and continues to infringe, the '578 Patent by marketing, selling, using and applying an asphalt paving technology, technique and/or process that embodies or uses the Novachip Process patented by the '578 Patent or that is substantially equivalent to the patented process.

14. Telfer was provided notice of, and a demand to cease, its infringement of the '578 Patent. Despite this notice, Telfer has evidenced its disregard for Road Science's rights with respect to the '578 Patent and its intent to continue its infringing activity.

15. Telfer's infringement of the '578 Patent is willful and deliberate, thus entitling Road Science to increased damages pursuant 35 U.S.C. § 284 as well as an award of its attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNT II

**(Patent Infringement By Offer to Sale, Use and/or Apply Patented Process)**

16. Road Science adopts and realleges the allegations of Paragraphs 1 through 15 of this Complaint.

17. Telfer has infringed, and continues to infringe, the '578 Patent by marketing and offering to sell, use and/or apply an asphalt paving technology, technique and/or process that embodies or uses the Novachip Process patented by the '578 Patent or that is substantially equivalent to the patented process.

18. Telfer was provided notice of, and a demand to cease, its infringement of the '578 Patent. Despite this notice, Telfer has evidenced its disregard for Road Science's rights with respect to the '578 Patent and its intent to continue its infringing activity.

19. Telfer's infringement of the '578 Patent is willful and deliberate, thus entitling Road Science to increased damages pursuant 35 U.S.C. § 284 as well as an award of its attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## JURY TRIAL DEMAND

Road Science hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Road Science prays that it be granted judgment in its favor and against Telfer, including with the following relief:

(a) A judgment declaring that Telfer has infringed the '578 Patent;

(b) An accounting of all profits, gains and unjust enrichment derived by Telfer from its infringement of the '578 Patent;

(c) An award of actual damages in an amount to be proven at trial;

(d) An enhancement of damages pursuant to 35 U.S.C. § 284;

(e) An award of attorneys' fees and costs as allowed by law;

(f) An award of pre-judgment and post-judgment interest; and

(g) Such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:   July 21, 2009

**SEGAL & KIRBY LLP**

By:   /s/ James P. Mayo
MALCOLM S. SEGAL
JAMES P. MAYO
Attorneys for Plaintiff
ROAD SCIENCE, LLC

Dated:   July 21, 2009

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By:   /s/ John F. Heil, III
JOHN F. HEIL, III, *pro hac vice pending*
ROBERT P. FITZ-PATRICK, *pro hac vice pending*
Attorneys for Plaintiff
ROAD SCIENCE, LLC