UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROAD SCIENCE, L.L.C.,
a Delaware limited liability
company,

      NO. CIV. S-09-2023 FCD/GGH

      Plaintiff,

    v.             MEMORANDUM AND ORDER

CONTINENTAL WESTERN
TRANSPORTATION COMPANY, INC.,
d/b/a Windsor Fuel Company and
TELFER OIL COMPANY, a
California corporation,

      Defendants.

----oo0oo----

    This matter is before the court on defendants Continental Western Company, Inc. and Telfer Oil Company d/b/a Windsor Fuel Company's ("defendants") motion to dismiss plaintiff Road Science, L.L.C.'s ("plaintiff") complaint on the grounds plaintiff lacks standing to bring this patent action, has failed to name a necessary party to the action and names improper defendants, and/or the complaint fails to state a cognizable

1

claim of patent infringement against defendants.[1]  Fed. Rs. Civ.

P. 12(b)(6), 19.  More specifically, as a threshold matter,

defendants contend plaintiff, holder of only a hybrid licence in

the subject patent, lacks standing to pursue this action on its

own; rather, defendants assert plaintiff must bring this action

with the patent owner.  Alternatively, defendants allege the

court should dismiss the case for failure to join a necessary

party; namely, Screg, the company who filed the patent

application since defendants allege the patent was procured

through the inequitable conduct of Screg and its representatives.

Defendants further allege that the complaint is procedurally

defective because plaintiff names incorrect defendants.  Finally,

defendants allege the complaint fails to state a viable claim

against them because (1) plaintiff has no cognizable damages

since plaintiff licenses the patent for free and/or (2) plaintiff

cannot state a claim of patent infringement against defendants

because a proper claims construction of the "five seconds"

element of the patent demonstrates that defendants' road paving

process is not completed within the patent's requisite five

seconds.

    Plaintiff opposes the motion on all grounds.  However,

because the court finds that plaintiff lacks standing to bring

this action without naming the patent owner as a co-plaintiff, it

HEREBY DISMISSES the action without prejudice.  As such, the

court does not reach the remainder of the issues raised by

---

[1]    Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 78-230(h).

1  defendants' motion; consideration of those issues is premature at
2  this juncture since without the patent owner as a named
3  plaintiff, the court finds that this action cannot be maintained
4  against defendants.

5  **BACKGROUND**

6  Plaintiff is in the business of marketing surface paving
7  technologies.  As part of its business, it develops, markets,
8  uses and owns the rights to certain asphalt recycling and paving
9  technologies, techniques and processes, including, the Novachip
10 thin-overlay process ("Novachip Process"), a process patented
11 under United States Patent No. 5,069,578 (the "'578 Patent").
12 (Compl., filed July 21, 2009, ¶ 5.)

13 The '578 Patent was issued to Screg Routes et. Travaux
14 Publics, predecessor in interest to Societe Internationale
15 Routiere ("S.I.R."), on December 3, 1991 for an invention
16 entitled "Method and Device for Producing A Surface Coating on a
17 Surface Such as a Road," known and marketed as the Novachip
18 Process.  (Id. at ¶ 6.)  Pursuant to an Agreement for the
19 Exploitation of Technology with S.I.R. and assignments of rights
20 therein, Koch Materials Company ("Koch") came to own an exclusive
21 license and right to market, use and apply the Novachip Process
22 under the '578 Patent in the State of California and throughout
23 most of the United States.  (Id. at ¶ 7.)  SemMaterials, L.P.
24 ("SemMaterials") subsequently acquired Koch's exclusive rights in
25 the '578 Patent.  On May 18, 2009, plaintiff acquired all of
26 SemMaterials exclusive rights in the '578 Patent.  (Id.)

27 By sublicense agreement, defendants previously used and
28 applied the Novachip Process protected by the '578 Patent in the

3

1   State of California.  On or about April 23, 2009, defendants'
2   right to use and apply the Novachip Process terminated.  (<u>Id.</u> at
3   ¶ 8.)  However, plaintiff alleges defendants have continued to
4   use and apply the Novachip Process without authorization or
5   approval.  Plaintiff alleges defendants' actions have continued
6   since May 18, 2009, despite notice of plaintiff's rights in the
7   '578 Patent.  (<u>Id.</u> at ¶ 9.)

8        Plaintiff claims that defendants' unauthorized use and
9   application of the Novachip Process protected by the '578 Patent
10  constitutes a willful, knowing infringement of the '578 Patent.
11  (<u>Id.</u> at ¶ 10.)  Plaintiff asserts that by virtue of its
12  "exclusive license and right to market, use and apply the
13  Novachip Process protected by the '578 Patent, plaintiff has the
14  right to sue for infringement of the '578 Patent and recover
15  damages for such infringement."  (<u>Id.</u> at ¶ 11.)

16                            **STANDARD**

17       1.   <u>**Federal Rule of Civil Procedure 12(b)(6)**</u>[2]

18       On a motion to dismiss, the allegations of the complaint
19  must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322
20  (1972).  The court is bound to give the plaintiff the benefit of
21  every reasonable inference to be drawn from the "well-pleaded"
22  allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v.</u>
23  <u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff
24  need not necessarily plead a particular fact if that fact is a
25  reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>

26

27  _____

28       [2]   All further references to a "Rule" are to the Federal
    Rules of Civil Procedure.

                                 4

1    Nevertheless, it is inappropriate to assume that the
2    plaintiff "can prove facts which it has not alleged or that the
3    defendants have violated the . . . laws in ways that have not
4    been alleged." <u>Associated Gen. Contractors of Calif., Inc. v.</u>
5    <u>Calif. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).
6    Moreover, the court "need not assume the truth of legal
7    conclusions cast in the form of factual allegations." <u>United</u>
8    <u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th
9    Cir. 1986).  Indeed, "[t]hreadbare recitals of the elements of a
10   cause of action, supported by mere conclusory statements, do not
11   suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)(citing
12   <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

13   Ultimately, the court may not dismiss a complaint in which
14   the plaintiff alleged enough facts to "state a claim to relief
15   that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949
16   (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570
17   (2007)).  Only where a plaintiff has failed to "nudge[his or
18   her] claims across the line from conceivable to plausible," is
19   the complaint properly dismissed.  <u>Id.</u> at 1952.  When there are
20   well-pleaded factual allegations, "a court should assume their
21   veracity and then determine whether they plausibly give rise to
22   an entitlement to relief." <u>Id.</u> at 1950.

23        **2.   <u>General Standing Principles</u>**

24        The question of standing is whether the litigant is entitled
25   to have the court decide the merits of the dispute or the
26   particular issues. <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).
27   "The doctrine of standing limits federal judicial power and has
28   both constitutional and prudential components." <u>Evident Corp. v.</u>

5

1  <u>Church & Dwight Co., Inc.</u>, 399 F.3d 1310, 1313 (Fed. Cir. 2005).

2      Constitutional limitations on standing relate to a court's

3  jurisdictional power under Article III of the Constitution.

4  "Constitutional standing requires . . . that a plaintiff must

5  have suffered an injury in fact, that there be a casual

6  connection between the injury and a defendant's conduct, and that

7  the injury be redressable by a favorable court decision."  <u>Id.</u>

8  (*citing* <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560

9  (1992)).  In addition to the three-prong constitutional test

10  delineated in <u>Lujan</u>, standing doctrine embraces judicially self-

11  imposed limitations on the exercise of jurisdiction, known as

12  prudential limitations.  <u>Intellectual Property v. TCI Cablevision</u>

13  <u>of Cal.</u>, 248 F.3d 1333, 1348 (Fed. Cir. 2001).  Prudential

14  standing limitations include "the general prohibition of a

15  litigant's raising another person's legal rights, the rule

16  barring adjudication of generalized grievances more appropriately

17  addressed in the representative branches, and the requirement

18  that a plaintiff's complaint fall within the zone of interest

19  protected by the law invoked."  <u>Allen v. Wright</u>, 468 U.S. 737,

20  751 (1984).

21                              **ANALYSIS**

22      The parties agree that plaintiff does not hold "all

23  substantial rights" in the '578 patent but rather holds only

24  certain rights in the patent as an exclusive licensee.

25      A party that is neither the legal owner of the patent
26  nor the transferee of all substantial rights in the
    patent still has standing to sue for infringement if
27  that party has a legally protected interest in the patent
    created by the Patent Act, so that it can be said to
    suffer legal injury from an act of infringement.

28

6

<u>Propat Int'l Corp. v. Rpost US, Inc.</u>, 473 F.3d 1187, 1193 (Fed. Cir. 2007).  As held in <u>Propat Int'l</u>, "an exclusive licensee is considered to have such an interest."  <u>Id.</u>; <u>see also</u> <u>Morrow v. Microsoft Corp.</u>, 499 F.3d 1332, 1340 (Fed. Cir. 2007) ("As the grantee of exclusionary rights, [a] plaintiff is injured by any party that makes, uses, sells, offers to sell or imports the patented invention."); <u>International Property</u>, 248 F.3d at 1346 (holding that an exclusive licensee "has the right to exclude others from making, using, and selling an invention" and "is constitutionally injured by another entity that makes, uses, or sells the invention"); <u>Evident Corp.</u>, 399 F.3d at 1313 (holding "[c]learly, Evident, an exclusive license to the '782 patent, had constitutional standing to sue under the patent").  Thus, courts have consistently recognized that an exclusive licensee has a sufficient interest in the patent to have standing to sue under Article III of the Constitution.  <u>Id.</u>

Here, plaintiff contends the constitutional standing requirements are met because the complaint alleges: (1) plaintiff has an exclusive license and right to market, use and apply the Novachip Process under the '578 Patent in California; (2) plaintiff's injury is directly related and fairly traceable to defendants' unauthorized use and application of the Novachip Process in California; and (3) plaintiff's injury is redressable because it may recover damages pursuant to 35 U.S.C. § 284.

Plaintiff contends that whether the patent owner, S.I.R., must be joined in the action is an issue of prudential standing, and thus, even were this court to find joinder necessary, dismissal of the complaint is not required.  Indeed, plaintiff

7

indicates it is willing to amend the complaint to join S.I.R. as a plaintiff.  As support, plaintiff relies on <u>Propat Int'l</u>.  There, the federal circuit held that because joinder of a patent owner is purely a matter of prudential standing, "an action brought by the exclusive licensee alone may be maintained as long as the licensee joins the patent owner *in the course of the litigation*."  473 F.3d at 1193 (emphasis added).

However, as defendants emphasize, plaintiff's reliance on <u>Propat Int'l</u> is unavailing in this case which involves a hybrid or limited license.  Plaintiff's argument ignores the Federal Circuit's decision, decided eight months after <u>Propat Int'l</u>, holding that a patent licensee holding exclusionary rights in a hybrid license, *i.e.,* a license that includes both field-of-use and geographical limitations, must join the patent owner *before* initiating the lawsuit.  <u>Int'l Gamco v. Multimedia Games</u>, 504 F.3d 1273, 1278 (Fed. Cir. 2007).  In <u>Int'l Gamco</u>, the federal circuit held that in order to alleviate the substantial risk of multiple suits and multiple liabilities against an alleged infringer for a single act of infringement, "this court's prudential standing requirement compels an exclusive licensee with less than all substantial rights, such as a field of use licensee,[3] to join the patentee *before* initiating suit."  <u>Id.</u> (emphasis added).  The court acknowledged the general rule cited by plaintiff that an exclusive licensee has a protectable interest sufficient to allege constitutional standing, but held, pursuant to prudential standing principles, that joinder of the

---

[3]   A field of use license divides the scope of the patent right by its subject matter.  <u>Id.</u> at 1278.

8

patent owner, *prior to the initiation of the suit*, was required in the case of a field of use license, which also had a territorial limitation. Id. at 1276, 1278. With these types of hybrid or limited licenses, the court found that two risks existed which mandated a requirement that the owner of the patent be joined before a suit is filed. First, such joinder was required in order to prevent persons who have a right to only part of the patent from putting the whole patent in jeopardy by litigation, and second, joinder was required to protect the alleged infringer from fraudulent claims or harassment by a multiplicity of suits. Id. at 1278-79.

Here, as alleged in the complaint and as made evident in plaintiff's opposition, plaintiff asserts rights in the '578 patent which are limited to the process claims covered by the patent, and there is a geographical limitation as plaintiff asserts rights only in California. As such, the license in this case is akin to Int'l Gamco--the license, here, divides the scope of the patent rights by its subject matter, namely, the process claims, and plaintiff's rights in the patent extend only within California.

Plaintiff does not attempt to distinguish Int'l Gamco, instead simply stating in a footnote to its opposition that the decision was "incorrectly" decided. (Opp'n, filed Nov. 25, 2009, at 10 n. 7.) However, this court is bound to follow the federal circuit's decisions[4] and Int'l Gamco is factually

---

[4]    See Eisai Co., Ltd. v. Mutual Pharmaceutical Co., Inc., 2007 WL 4556958, *12 (D.N.J. Dec. 20, 2007) ("[D]ecisions of the Federal Circuit on substantive questions of patent law are binding precedent on district courts."); Williams v. Columbia

1  indistinguishable.  Thus, its holding must be applied to this

2  case.

3       While plaintiff is correct that in some instances, courts

4  have permitted defects in prudential standing to be remedied by

5  amendment of a complaint to join a necessary party, it is,

6  however, not true that all courts have found such defects

7  remediable by amendment.  Significantly, in <u>Int'l Gamco</u>, the

8  federal circuit reversed the district court's denial of the

9  defendant's motion to dismiss.  It held that the motion to

10 dismiss should be granted since the plaintiff, a holder of only

11 an exclusive, field of use license with a geographical

12 limitation, lacked standing to sue on its own.  Rather, joinder

13 of the patent owner prior to institution of the action was

14 mandated.  504 F.3d at 1279.  Thus, even though the <u>Int'l Gamco</u>

15 court analyzed the issue as one of prudential standing, the

16 court's holding is clear that dismissal is required because the

17 patent owner must be joined in such an action prior to filing

18 suit.  <u>See Siemens Med. Solutions USA, Inc. v. Saint-Gobain</u>

19 <u>Ceramics & Plastics</u>, 2008 WL 623582 (D. Del. Mar. 7, 2008)

20 (applying <u>Int'l Gamco</u> and dismissing the plaintiff licensee's

21 case for lack of standing because where a license "'apportions

22 the subject matter of a patent,' the risk of a multiplicity of

23 lawsuits generally precludes standing to a licensee" absent

24 joinder of the patent owner).

25      Accordingly, pursuant to <u>Int'l Gamco</u>, the court GRANTS

26 defendants' motion to dismiss on the ground of a lack of

27 _____

28 <u>Broadcasting Systems, Inc.</u>, 57 F. Supp. 961, 966 (C.D. Cal. 1999)
   (accord).

                              10

standing.  The dismissal is without prejudice.  Plaintiff
indicates that it is willing and can name S.I.R. as a co-
plaintiff.  It may refile the action in that capacity.

Because the court finds that plaintiff must join the patent
owner as a co-plaintiff *prior to filing suit*, the court must
dismiss the action, and it need not reach the remainder of the
issues raised by defendants' motion.  However, because it is
clear that plaintiff will re-file the action and indicates that
it can join the patent owner, the court will remark briefly on a
few issues raised by the motion to provide some guidance to the
parties.  First, in refiling the action, plaintiff should
consider defendants' arguments with respect to the named
defendants.  Defendants concede the action is properly asserted
against Telfer Oil Company d/b/a Windsor Fuel Company; defendants
indicate that Telfer Oil Company is not a California corporation,
as alleged in the complaint, but is a partnership.  Defendants
also state that Continental Western Transportation Company was
not involved in the subject projects.  While plaintiff is correct
that misjoinder of parties is not a ground for dismissing an
action,[5] plaintiff should consider defendants' arguments and
evidence submitted on the motion and meet and confer with
defendants' counsel, if possible, in order to name the proper
entities involved in the subject activities.

The court also cautions defendants that a party does not
become an "indispensable" party under Rule 19, mandating
dismissal of an action, simply by virtue of an affirmative

---

[5]    The court may, at any time, add or drop a misjoined
party pursuant Rule 21.

1   defense asserted by a defendant.  Fed. R. Civ. P. 19(b); <u>Equal</u>

2   <u>Employment Oppty Comm'n v. Peabody Western Coal Co.</u>, 400 F.3d

3   774, 779 (9th Cir. 2005).  Here, if defendants seek to argue

4   inequitable conduct before the patent office, as a defense to

5   plaintiff's claim of infringement, they must make the requisite

6   showing under Rule 19(b), demonstrating why Screg must be a named

7   plaintiff in order to grant defendants' relief.

8        Additionally, a substantial portion of defendants' instant

9   motion is based on the contention that this court can construe

10  the subject patent's claims at this stage of the litigation and

11  find, as a matter of law, that defendants' paving process does

12  not infringe the patent.  In other words, by this Rule 12(b)(6)

13  motion, defendants seek the court's claim construction, prior to

14  any "Markman" hearing or any discovery regarding the infringement

15  issues.  Defendants' attempt to circumvent the process applicable

16  to patent infringement claim procedure must be rejected.  A

17  single party's interpretation of a disputed patent term cannot

18  form the basis for a proper claim construction.  Instead, such a

19  determination may only be made by the district judge after full

20  briefing by the parties, with careful consideration of each

21  parties' arguments in a Markman hearing.  <u>See</u> <u>McKesson</u>

22  <u>Information Solutions, Inc. V. Bridge Medical, Inc.</u>, Civ. S-02-

23  2669 FCD/PAN, Mem. & Order, filed Dec. 12, 2004 [Docket #128] at

24  4.

25       A Markman hearing encompasses pre-hearing briefs, a chart of

26  the claim constructions advocated by each party, declarations of

27  experts, and oral argument for both sides, designed solely for

28  the purpose of determining proper construction of a patent.

1  Factors that should be considered when construing a patent claim

2  are diverse, and include the prosecution history, related

3  applications employing the same term, testimony of legal experts,

4  and testimony of technical experts.  Both parties must have an

5  opportunity to present their evidence, experts and interpretation

6  of the claim terms.  See Intel v. Altima, 2003 WL 21856928 (E.D.

7  Cal. May 20, 2003).  Therefore, consideration of the arguments

8  made by defendants herein would not be appropriate on a Rule

9  12(b)(6) motion, and had the court reached those arguments by

10  this order, it would have denied that aspect of the motion as

11  procedurally defective and premature.

12                              **CONCLUSION**

13       For the foregoing reasons, the court GRANTS defendants'

14  motion to dismiss on the ground of a lack of standing.  The

15  dismissal is without prejudice to plaintiff refiling the action,

16  naming the patent owner as a co-plaintiff.

17       IT IS SO ORDERED.

18   DATED: December 14, 2009

19

20  _____

21                          FRANK C. DAMRELL, JR.
                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

13